UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAHEEM J. BRICKHOUSE,

              Plaintiff,

      -against-

CARL E. DUBOIS, Sheriff of Orange County Jail; COMM. ANTHONY J. ANNUCCI; NEW YORK STATE DEPT. OF CORRECTIONS,

              Defendants.

20-CV-4759 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently detained on a parole violation warrant at the Orange County Jail, brings this *pro se* action alleging that Defendants violated his federal constitutional rights. By order dated August 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff asserts his claims using the Court's general prisoner complaint form. He checks the box on the form to indicate that the legal basis of his claim is a "violation of [his] federal constitutional rights." In the "Facts" section of the form, Plaintiff writes, "My constitutional

rights to Due Process were violated. (See attachments)." (ECF No. 1, at 4.) As relief, Plaintiff seeks "injunctive [r]elief, and pain and suffering." (*Id.* at 5.) He sues Orange County Jail Sheriff Carl E. DuBois; the "New York State Dept. of Corrections," which the Court construes as the New York State Department of Corrections and Community Supervision ("DOCCS"); and DOCCS Commissioner Anthony Annucci.

Plaintiff attaches to the complaint a copy of a petition for a writ of *habeas corpus* captioned for the Supreme Court of New York, Orange County. In this state-court *habeas* petition, Plaintiff makes the following allegations: On or about March 3, 2020, the DOCCS Parole Division issued an arrest warrant for Plaintiff for violating his parole. On or about March 10, 2020, Plaintiff was taken into temporary custody and held at the Orange County Jail pending a hearing. His preliminary parole revocation hearing was rescheduled multiple times, before finally taking place on April 8, 2020. (*Id.* at 17.) He is currently awaiting the scheduling of his final parole revocation hearing. Plaintiff argues that he did not receive a preliminary revocation hearing within fifteen days, in violation of N.Y. Exec. Law § 259-i(3)(c)(i) and his federal constitutional rights. In the petition, Plaintiff seeks immediate release and requests that the state court "vacate[] and dismiss[]" the parole warrant. (*Id.* at 19.)

According to records maintained by the New York State Unified Court System, on June 2, 2020, Plaintiff filed a petition for a writ of *habeas corpus* in the Supreme Court of New York, Orange County. His next scheduled appearance in regard to that motion is on August 11, 2020.

## DISCUSSION

**A. Section 1983 Claims for Money Damages**

The Court construes Plaintiff's request for "pain and suffering" as asserting claims for money damages under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was

violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff does not allege any facts showing that Defendants DuBois and Annucci were personally involved in the events underlying his claims. *See Davis v. New York State Div. Of Parole*, No. 07-CV-5544 (NRB), 2008 WL 3891524, at *10 (S.D.N.Y. Aug. 20, 2008) (dismissing § 1983 claims against supervisory officials not alleged to have had any direct role in denying plaintiff a preliminary hearing). The Court therefore dismisses Plaintiff's § 1983 claims

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

4

against DuBois and Annucci for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's § 1983 claims against DOCCS must also be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismsisses Plaintiff's § 1983 claims against DOCCS as barred by the Eleventh Amendment. 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.** *Younger* **Abstention**

To the extent that Plaintiff, in seeking injunctive relief, asks the Court to intervene in his pending state-court criminal proceedings, the Court must dismiss those claims. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37). This abstention doctrine has been extended to civil enforcement proceedings that are "akin to criminal prosecutions." *Sprint Communc'n, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). As Plaintiff's ongoing parole revocation proceedings are akin to a criminal prosecution, *Younger* abstention is warranted in this case. Because Plaintiff has failed to allege that extraordinary circumstances exist requiring a departure from *Younger* abstention, the Court must abstain from interfering in

5

the ongoing revocation proceedings, and therefore dismisses Plaintiff's claims for injunctive relief.

### C. *Habeas* Relief

Plaintiff may not challenge the validity of his conviction or obtain release from custody in a § 1983 action; instead, he can only obtain such relief by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement); *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278-79 (2d Cir. 2003) (holding that a state prisoner's challenge to revocation of parole must be brought under § 2254).

To the extent that this submission can be construed as a § 2254 petition, the petition must be dismissed because it does not demonstrate that Plaintiff has exhausted his available state remedies in accordance with 28 U.S.C. § 2254(b) and (c).[3] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("[A] state prisoner's federal *habeas* petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.").

Plaintiff seeks to challenge the validity of his custody based on a parole violation warrant, but he does not allege any facts suggesting that he has exhausted his available remedies. In fact, in a July 21, 2020 letter to the Court, Plaintiff states that he filed a state *habeas* petition

---

[3] Plaintiff should note that under the Antiterrorism and Effective Death Penalty Act of 1996, which modified the *habeas corpus* statutes, a person in state custody must generally file a § 2254 petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d).

but has yet to receive a hearing on the petition. (ECF No. 5.) Records maintained by the New York State Unified Court System confirm that on June 2, 2020, Plaintiff filed a state petition for a writ of *habeas corpus* in the New York State Supreme Court, Orange County, and that his next scheduled appearance in regard to that motion is scheduled for August 11, 2020.

Plaintiff may file a petition for a writ of *habeas corpus* in this Court once all available state remedies have been exhausted.[4]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

---

[4] Generally, after issuance of a parole violation warrant, a petitioner's parole revocation proceedings begin with a preliminary hearing, and if the petitioner is found to be delinquent, a final hearing will be scheduled not more than ninety days after the preliminary hearing took place. N.Y. Comp. Codes R. & Regs. tit. 9, § 8005.17(a). If the petitioner's parole is revoked at the final hearing, in order to exhaust claims arising out of the hearing, a petitioner must take the following steps: (1) appeal to the Department of Parole's Appeals Unit; (2) file an Article 78 petition in New York State Supreme Court; (3) appeal to the New York State Supreme Court, Appellate Division; and (4) seek leave to appeal in the New York Court of Appeals. *Id.*; N.Y. C.P.L.R. Art. 78; *see, e.g.*, *O'Kane v. Kirkpatrick*, 2011 WL 2470522, *4 (W.D.N.Y. June 20, 2011) (holding that § 2254 required petitioner to appeal denial of his Article 78 petition to Appellate Division and New York Court of Appeals in order to fully exhaust his claims; citing cases).

The Court dismisses Plaintiff's claims under 42 U.S.C. § 1983 for money damages for failure to state a claim on which relief may be granted and for seeking monetary relief from defendants that are immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court dismisses Plaintiff's claims under § 1983 for injunctive relief under the *Younger* abstention doctrine.

To the extent Plaintiff is seeking *habeas* relief, the Court denies Plaintiff's petition without prejudice for failure to exhaust.

SO ORDERED.

Dated: August 11, 2020
New York, New York

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.